**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **OMER TROSCLAIR, JR.** | **CIVIL ACTION** |
| **VERSUS** | |
| **WAL-MART STORES, INC.** | **NO. 08-510-C-M2** |

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, February 24, 2010.

                                      **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**OMER TROSCLAIR, JR.**                                           **CIVIL ACTION**

**VERSUS**

**WAL-MART STORES, INC.**                                         **NO. 08-510-C-M2**

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion for Summary Judgment (R. Doc. 12) filed by defendant, Wal-Mart Stores, Inc. ("Wal-Mart"). Plaintiff, Omer Trosclair, Jr. ("Trosclair") has filed an opposition (R. Doc. 13) to Wal-Mart's motion, in response to which Wal-Mart has filed a reply memorandum. (R. Doc. 16).

## FACTS & PROCEDURAL BACKGROUND

Trosclair filed this suit in the 23rd Judicial District Court, Parish of Ascension, State of Louisiana, in November 2007. In the petition, he alleges that, on or about October 7, 2007, he was shopping at the Wal-Mart Store #0532 in Gonzales, Louisiana, and that due to his disability, he was using an electric cart provided by Wal-Mart. He alleges that, while he was shopping near the Shoe Department, the seat on the electric cart, suddenly and without warning, broke, causing him to flip backwards, severely injuring his head, shoulder, neck, back and ankle. He contends that Wal-Mart is liable for "gross and wanton negligence" in: (a) allowing an electric cart to be used by petitioner that was not in good, safe working condition; and (b) failing to maintain its electric carts in proper working order. He seeks damages for: (a) past, present and future medical expenses; (b) past, present and future pain and suffering; (c) past, present and future out of pocket expenses; and (d)

past, present and future emotional distress, mental anguish, permanent disability, permanent disfigurement, and psychiatric and psychological injuries.

Wal-Mart removed Trosclair's suit to this Court on August 14, 2008, and discovery proceeded through July 2009.  Wal-Mart then filed the present motion for summary judgment on August 19, 2009.  Such motion was referred to the undersigned for a report and recommendation on February 3, 2010.

## LAW & ANALYSIS

**I.     Summary Judgment Standard:**

Summary judgment is appropriate where the pleadings, discovery products, and affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fed. Rule Civ. Proc. 56(c).  A "genuine issue" exists when a reasonable jury could resolve the disputed fact(s) in favor of the non-movant, and a "material" fact is one that might affect the outcome of the suit under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).[1]  Only if the nonmoving party sets forth specific facts and evidence supporting the allegations essential to his/her claim will a genuine issue of material fact be found to exist.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).[2]

---

[1] In reviewing a motion for summary judgment, a court " . . .must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh evidence."  *Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 2110, 147 L.Ed.2d 105 (2000).

[2] The nonmoving party may not rely upon pleadings, conclusory allegations, unsubstantiated assertions or arguments alone, but instead must come forward with evidence based on personal knowledge that demonstrates the existence of a material fact.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  If the record taken as a whole does not lead a rational trier of fact to find for the non-moving party, no genuine

**II.    Is Wal-Mart entitled to summary judgment in this matter?**

La. C.C. art. 2317.1 governs Wal-Mart's alleged liability in this suit.  Article 2317.1 provides that the owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.  La. C.C. art. 2317.1.  In its present motion, Wal-Mart contends that it is entitled to judgment as a matter of law because plaintiff cannot meet his burden of proving that a vice or defect in the seat of the electric cart in question presented an unreasonable risk of harm to customers and that Wal-Mart had actual or constructive notice that the cart in question was defective.[3]  Specifically, Wal-Mart refers to the deposition testimony of Trosclair, wherein he indicated that he does not have any information to suggest that Wal-Mart was aware there was a problem with the subject cart before the accident; that he has no idea how long the problem with the cart existed before the incident; and that nobody associated with Wal-Mart made any comments to him concerning the cart or any alleged defect in the cart.  *See*, Trosclair's deposition, attached to Wal-Mart's summary judgment motion as Exhibit 2, pp. 94-95. Wal-Mart also relies upon

---

issue of material fact exists, and the mover is entitled to summary judgment as a matter of law.  *Id.*

[3] *See, Thompson v. Nelon's Fast Foods, Inc.*, 42,825 (La. App. 2 Cir. 1/23/08), 974 So.2d 835, 836 (In order to recover under La. C.C. art. 2317.1, a plaintiff must prove that the object in question was in the defendant's custody, that the object contained a defect which presented an unreasonable risk of harm to others, that the defective condition caused the damage, and that the defendant knew or should have known of the defect).

Trosclair's testimony that there was nothing unusual about the cart in question and that there was "no play" in the seat of the cart for the argument that he will be unable to prove that the cart was unreasonably dangerous to customers. Wal-Mart points out that it had an inspection program for the electric carts used by its customers and that it produced, during discovery in this matter, maintenance records for all electric carts for the Wal-Mart store at issue for August 26, 2006 to August 2, 2007.

In response to Wal-Mart's summary judgment motion, Trosclair refers to three (3) items of evidence. First, Trosclair refers to the maintenance records mentioned above and asserts that those records indicate "'bad seat assembly' on Wa[l]-Mart carts on many occasions." Trosclair, however, does not refer to any specific dates within those maintenance records, nor does he demonstrate that there was any problem with the seat assembly on the particular cart that is the subject of this lawsuit. As Wal-Mart notes in its reply memorandum, Trosclair's general reference to the maintenance records does nothing to prove that the electric cart in question was defective prior to the incident in question and that Wal-Mart knew or should have known that it was defective before the accident. Instead, his general reference to those records simply demonstrates that Wal-Mart undertook routine inspection and maintenance of its electric carts.

The other items of evidence referenced by Trosclair similarly fail to prove his claim under Article 2317.1. Those items include: (1) a "Witness Statement" from the date of the incident, in which a witness (Marsha Low) stated that the seat of the electric cart "f[e]ll back," and (2) photographs of the cart in question depicting that the seat "totally came out of the cart." Based upon those items of evidence, Trosclair makes the conclusory

statement that such condition "should have been discovered by Wal-Mart on simply [sic] inspection had they properly done one." Wal-Mart does not dispute that the seat on the cart in question fell back and came totally off of the cart and that it acquired notice of that condition after the incident that is the subject of this lawsuit. That undisputed fact, however, does not establish that Wal-Mart had or should have had notice of a defective condition in the electric cart prior to the accident that caused the seat to come off of the cart. Trosclair has admitted that he has no evidence in that regard. As such, he will be unable to prove all of the elements of his case under La. C.C. art. 2317.1, and Wal-Mart is therefore entitled to judgment as a matter of law.[4]

## RECOMMENDATION

For the above reasons, it is recommended that the Motion for Summary Judgment (R. Doc. 12) filed by defendant, Wal-Mart Stores, Inc., should be **GRANTED** and that this matter should be **DISMISSED WITH PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, February 24, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[4] Trosclair argues in his opposition that it is notable that Wal-Mart provides no affidavits or other evidence from any of its employees or managers that they performed adequate inspection or maintenance on the cart. However, Trosclair is confused as to which party carries the burden of proof in this case. Upon summary judgment, Wal-Mart is simply required to demonstrate that plaintiff will be unable to carry his burden of proof on one or more elements of his case, which Wal-Mart has done. The burden of proof to produce competent evidence as to those elements is on Trosclair.